NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0054n.06

Case Nos. 14-3369/14-3392

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KENNETH B. PITCHER; MICHAEL ENDERS, | ) ) ) | **FILED**<br>Jan 15, 2015<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs – Appellees/Cross-Appellants, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| LAWRENCE WALDMAN; WALDMAN & COMPANY CPA'S, P.S.C., | ) ) ) | |
| Defendants – Appellants/Cross-Appellees. | ) ) | |

_____/

**Before: MERRITT, MOORE, and DONALD, Circuit Judges.**

**MERRITT, Circuit Judge.** This appeal and cross-appeal follow litigation over the acrimonious break up of an accounting firm. The district court found the defendant liable under 26 U.S.C. § 7434[1] for deliberately filing fraudulent tax documents inducing the IRS to audit his

---

[1] Section 7434 defines the following civil cause of action for fraudulent filing of information returns:
    (a) In general: If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
    (b) Damages: In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
        (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
        (2) the costs of the action, and
        (3) *in the court's discretion*, reasonable attorneys' fees.
26 U.S.C. § 7434(a)–(b) (2012) (emphasis added).

former partners.  Nevertheless, the district court declined to award the audited former partners

any discretionary attorneys' fees, limiting their damages for each infraction to the $5,000

statutory minimum.  The district court correctly applied the law and acted within its statutory

discretion.  For the reasons hereinafter stated and the findings of fact and conclusions of law

stated by the district court in its opinion of March 28, 2014, we affirm.

## I.

In 2009, Kenneth Pitcher, Michael Enders, and Lawrence Waldman were partners in the

accounting firm Waldman, Pitcher, and Company, P.S.C.  When Waldman opposed the minority

shareholders' plans to leave the firm, Pitcher and Enders sued for dissolution in state court.  The

parties reached a negotiated settlement that allowed Pitcher and Enders to depart with their

clients (and those clients' accounts) and establish a new firm after relinquishing their stock in the

original firm.  This settlement required the original firm to assign certain valuable accounts

(including "account receivables" for services already billed and "work in progress" for services

performed but not yet billed) and pay certain legal fees accrued by Pitcher and Enders as officers

and directors of the original firm.  Waldman mischaracterized these 2009 transfers and payments

in filings with the IRS in order to antagonize his former partners and diminish his own tax

liability.  Following the resolution of a state court action in 2012, Waldman filed similar false

reports and mailed copies to Pitcher and Enders with notes reading "tax cheat thief" and "you are

going to hell."

Thoroughly antagonized, Pitcher and Enders sued Waldman and his firm for "willfully

fil[ing] a fraudulent [tax] information return."  26 U.S.C. § 7434.  The district court found

Waldman liable for six fraudulent filings:  two 1099s in 2009, two corrected W-2s, and two

1099s in 2012.  The district court "in its discretion decline[d] to award attorneys' fees" because it

was certain that Pitcher and Enders had "played a significant role in creating the bitter circumstances of this case." The court determined that Enders and Pitcher's compensable damages were less than $5,000 per filing. Accordingly, the district court awarded Enders and Pitcher $5,000 for each fraudulent filing.

Unsatisfied with the district court's resolution of their longstanding argument, the parties cross appealed. Waldman's dozen specific issues on appeal collectively challenge the district court's weighing of competing evidence and its conclusions regarding Waldman's reporting obligations and his willfulness. Pitcher and Enders complain that the district court abused its discretion by declining to award attorneys' fees.

## II.

Waldman challenges the district court's factual conclusions, arguing that the district court should have deferred to his expert rather than his opponents' expert when determining Waldman's reporting obligations. Here, the district court credited Enders and Pitcher's expert's "clear[] and persuasive[]" testimony. Even if we were to ignore the deference reviewing courts extend to fact finders on questions of credibility, Waldman's challenge would fail. Waldman's expert's initial assessment was unpersuasive not because of a credibility deficit but because Waldman "had directed [his expert] toward a particular conclusion while withholding accurate information of the fair market value of [the company] . . . in order to steer his witness to the conclusion that the corrected W-2s were properly issued." When presented with the relevant information, Waldman's expert reached the same conclusion as the opposing expert as to the nature of the transaction and the resulting reporting obligations. The district court was correct to credit the essentially unanimous opinion of the experts.

Given his own tax expertise and his careful deception of his expert, Waldman's conduct provided sufficient evidence to support the district court's conclusion that his fraudulent filing was willful. In addition to evidence that Waldman misled his expert to extract a favorably flawed legal opinion, the district court noted Waldman's direct testimony that "he *knew* it was incorrect to file the 2009 1099s." Similarly, Waldman's expertise made it clear that his decision to file 1099s in 2012 was a willful fraud. Those 1099s falsely claimed that Waldman paid Pitcher and Enders each $37,500. Waldman made no payment. Neither Pitcher nor Enders received one. While a lay person might have accidently characterized the actual transaction—a $75,000 payment by Waldman's insurer to Pitcher and Enders's attorney—in this way, Waldman is a tax expert.

The district court's conclusion that Waldman "filed false information returns with the IRS in order to harass [Pitcher and Enders], not to meet a non-existent duty" is supported by the record. We therefore affirm the district court's finding that Waldman violated § 7434 by willfully filing fraudulent information with the IRS.

## III.

For their part, Pitcher and Enders contend that the district court abused its discretion by declining to award attorneys' fees after finding Waldman liable. When deciding not to award attorneys' fees, the district court described the litigation history between the parties as "unusually hostile" and cited "needlessly contentious discovery battles, repetitive briefing, and unfortunate personal attacks" in the litigation. Pitcher and Enders argue that the district court was not entitled to consider their contributions to the "bitter circumstances" of the litigation when exercising its discretion over attorneys' fees. They offer no authority for this limitation on district court discretion, and we know of no reason the district court may not weigh all of the

facts in making a determination on the fairness of an attorneys' fee award.  The statute that

establishes the cause of action grants the courts discretion over the award of attorneys' fees.  The

district court in this case exercised that discretion in light of "the unusual circumstances of this

case."  Accordingly, the judgment of the district court is affirmed.[2]

---

[2] Appellants/Cross-Appellees' Motion to Strike Appellees/Cross-Appellants' Fourth Brief is denied.